[Doc. Nos. 1, 6]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **BRUCE ANTHONY ABRAHAM,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 08-205(JS) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Respondent. | : | |

## ORDER

This matter is before the Court on the "Motion to Dismiss Bruce Anthony Abraham's Motion Under 28 U.S.C. §2255" [Doc. No. 6] filed by Norman Gross, Esquire, on behalf of the United States Attorney's Office for the District of New Jersey, counsel for Respondent, United States of America ("Respondent"). Respondent seeks to dismiss the "Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence" [Doc. No. 1] filed by Petitioner, Bruce Anthony Abraham ("Abraham"). The Court has exercised its discretion to decide Respondent's Motion without oral argument. For the reasons to be discussed, Respondent's Motion is GRANTED.

**Background**

On December 20, 2001, Respondent filed a criminal complaint against Abraham. See Doc. No. 1, United States v. Abraham, 01-2109 (JBR). On July 29, 2002, Respondent filed an amended criminal complaint charging Abraham with eight counts of supplying false and fraudulent documents to the Internal Revenue Service in violation of 26 U.S.C. §7207 and 18 U.S.C. §2. See Doc. No. 9, United States v. Abraham, 01-2109 (JBR). On July 31, 2002,

Abraham was convicted on all eight counts.  The Honorable Joel B. Rosen, U.S.M.J., Retired, sentenced Abraham on December 10, 2002, to two years probation with six months home confinement and a $2,000 fine.

Abraham appealed his conviction to the district court.  On July 1, 2003, the Honorable Joseph E. Irenas, U.S.D.J., affirmed the conviction and sentence.  See Doc. No. 9, United States v. Abraham, 02-932 (JEI).  Abraham appealed Judge Irenas's Order to the Third Circuit Court of Appeals on July 2, 2003.  On April 6, 2004, the Third Circuit affirmed Judge Irenas's Order. See Doc. Nos. 15 and 16, United States v. Abraham, 02-932 (JEI).

Abraham filed the present Motion pursuant to 28 U.S.C. §2255 on January 11, 2008.  See Doc. No. 1, Abraham v. United States, 08-205 (JS).  Abraham is seeking to vacate or dismiss his conviction.  Abraham cites four grounds to support his Motion: (1) "The Statute of Limitations had expired prior to the Complaint being filed"; (2) "Conflict of Interest involving the Camden U.S. Attorney's Office"; (3) "Violation of Privacy Act IRS Auditor"; and (4) "Conflict of Interest involving the then Camden U.S. Attorney Supervisor Lee Solomon."  On February 22, 2008, this Court ordered Abraham to show cause why his Motion should not be dismissed as time barred and advised him pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), to include all claims that he may have under §2255 in a single motion.  See Doc. No. 4.  Abraham filed a supplemental brief in support of his Motion on April 3, 2008.  See Doc. No. 5.

On April 14, 2008, Respondent filed this Motion to Dismiss.  In support of its Motion, Respondent argues that Abraham's Motion under §2255 should be dismissed because it is procedurally defective.  First, Respondent argues that Abraham's Motion was filed beyond the one year statute of limitations for relief under §2255.  Respondent further argues that the one year

statute of limitations began to run after the ninety-day period to file a petition for writ of certiorari to the United States Supreme Court expired, thus making the Third Circuit's April 6, 2004 decision final.  Respondent contends that the Third Circuit's April 6, 2004 decision became final on July 5, 2004.  Respondent further contends that the statute of limitations under §2255, therefore, expired on July 5, 2005, approximately two and one half years before Abraham filed his Motion.

Second, Respondent argues that §2255 is not applicable to Abraham because he is no longer in custody.  Respondent contends that only individuals in custody may file §2255 motions.  Respondent further argues that Abraham was no longer in custody within the meaning of §2255 when he filed his Motion on January 11, 2008 and, therefore, he is not entitled to relief under §2255.

Abraham filed his opposition to Respondent's Motion on May 1, 2008 [Doc. No. 7].  Abraham argues that the statute of limitations should be equitably tolled because he was "improperly informed by [his] attorney" of his options for appeal of his conviction.  Abraham further argues that he suffered from depression following the death of his mother in February 2005 that prevented him from timely filing his §2255 Motion.  Abraham also argues that he filed a report with the Inspector General's Office in Philadelphia, Pennsylvania regarding the alleged conflicts of interest that arose during his trial in January 2007, but the Inspector General did not inform him that it was not the proper party to investigate his allegations for another fourteen months.  Abraham further argues that he "contacted the US Clerks Office and was given several different packages and than (*sic*) informed it was the wrong paperwork.  Finally after speaking to four different clerks the last one spoke to a supervisor, in an office who advised me that this was

the proper paperwork in what I was seeking so I filed this Motion."

**Discussion**

Abraham seeks a writ of habeas corpus under 28 U.S.C. §2255.  Pursuant to §2255, a "prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Abraham seeks to have his conviction vacated or dismissed.  See Doc. No. 1 at 13.

This Court finds that it does not have jurisdiction to decide Abraham's Motion.  A district court only has jurisdiction to decide a petition for writ of habeas corpus if the prisoner is "in custody" when the habeas petition is filed on the sentence that the habeas petition is attacking.  28 U.S.C. §2241(c); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003); Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  A prisoner is "in custody" for purposes of a habeas petition not only when he is in actual physical custody, but also "where individuals are subject to significant restraints on liberty . . . which [are] not shared by the public generally, along with some type of continuing governmental supervision."  Obado, 328 F.3d at 717 (internal citations omitted).  The "in custody" requirement is satisfied when a petitioner is on probation.  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) ("It is clear that being on probation meets the 'in custody' requirement for purposes of the habeas statute").  However, "one unconditionally released from federal custody may not thereafter initiate an attack upon his federal sentence under §2255."  Kravitz v. Commonwealth of Pa., 546 F.2d 1100, 1102 n. 3 (3d Cir. 1977) (citing United States ex. rel. Bogish v. Tees, 211 F.2d 69, 71 (3d Cir. 1954)).

At the time he filed his Motion Abraham was not "in custody" on the sentence that he challenges and, therefore, this Court lacks jurisdiction to decide Abraham's Motion. On December 10, 2002, Judge Rosen sentenced Abraham to two years probation with six months home confinement and a $2,000 fine. Abraham never requested a stay of his sentence while his appeals were pending. Further, there is no evidence that Abraham had his sentence extended for any reason.[1] Therefore, Abraham was not "in custody" after December 9, 2004. Abraham did not file his §2255 Motion until January 11, 2008, more than four years after he completed his sentence. Accordingly, this Court lacks jurisdiction to decide Abraham's Motion and it must be dismissed.

In addition, Abraham's Motion must be denied because it was filed beyond the one year statute of limitations in §2255. The limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which an impediment to making a motion created by governmental action is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court; or (4) the date on which the facts supporting the claim or claims could have been discovered through due diligence.

28 U.S.C. §2255. Abraham does not allege an intervening change in law or a governmental impediment to bringing his Motion. Further, he does not allege that he discovered the facts supporting his Motion after his conviction became final. Therefore, for purposes of Abraham's Motion the limitations period began to run after his conviction became final. "A judgment of

---

[1] The conditions of Abraham's probation were modified on September 1, 2004 following several traffic stops and after he received a Criminal Summons from the Gloucester Township Police for impersonating a police officer. See Docs. No. 24 and 25, 01-2109(JBR). Judge Rosen modified the terms of Abraham's probation to include home confinement with electronic monitoring for a period of four months, or until the term of his probation expired on December 9, 2004. Id.

conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). The Third Circuit affirmed Abraham's conviction on April 6, 2004.  Following the Third Circuit's decision, Abraham had ninety days to file a petition for writ of certiorari before the United States Supreme Court.  See Sup. Ct. R. 13.  Once the ninety-day period expired without the filing of a petition for certiorari, Abraham's conviction became final.  Therefore, the statute of limitations began to run on July 6, 2004 and expired on July 6, 2005, unless Abraham can prove that it should be tolled.

The Third Circuit explained that the one year statute of limitations may be equitably tolled

> when the principle of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller v. New Jersey Dept. of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Three circumstances that the Third Circuit has specifically enumerated as permitting equitable tolling are: "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some has in some way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).

Abraham has not provided any evidence that justifies equitably tolling the statute of limitations. Abraham argues that he suffered from depression following the death of his mother on February 3, 2005. See Abraham's Opposition at 2. However, Abraham has not submitted any evidence to support this allegation.

Abraham also argues that he attempted to assert his rights before the Inspector General, which he subsequently learned was the wrong forum. However, Abraham did not send his letter to the Inspector General until January 2007, approximately two and a half years after the statute of limitations expired. Even if Abraham mistakenly sought to assert his rights before the Inspector General, he did not do so in a timely manner. Abraham also alleges that he was misinformed by the "US Clerks Office" over how to file his Motion. However, he has not provided any evidence to support this allegation.

Abraham further argues that his attorney misled him as to the matters that were appealable and did not inform him of the alleged conflicts of interest that arose during trial. However, the Court finds that Abraham has failed to provide evidence that any of the attorneys involved in his case actively misled him as to what was appealable. The Court also finds that Abraham knew about the facts that created the alleged conflict of interest during trial. Abraham raised the issue with his attorney and his attorney brought the issue to Judge Rosen's attention during trial. See  Doc. No. 1 at 16, 19 and 36-37; Doc. No. 5 at 1.

Since Abraham does not provide sufficient evidence to warrant the equitable tolling of the one year statute of limitations, his untimely filing provides an alternative basis to dismiss his Motion.

**Conclusion**

The Court lacks jurisdiction to decide Abraham's Motion because he was not in custody when the Motion was filed. Further, Abraham filed his Motion beyond the one year statute of limitations and the Court finds no extraordinary circumstances to justify tolling the statute of limitations.

Accordingly, for all the foregoing reasons,

IT IS on this 2nd day of July 2008 hereby

ORDERED that Respondent's "Motion to Dismiss Bruce Anthony Abraham's Motion Under 28 U.S.C. §2255" is GRANTED; and it is further

ORDERED that this matter shall be dismissed with prejudice by the Clerk of the Court and this shall be noted on the Court's docket.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge