```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BRUCE ANTHONY ABRAHAM, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 08-205 (JBS/JS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE**, District Judge:

Petitioner Bruce Anthony Abraham, on January 11, 2008, filed the present petition to set aside his misdemeanor conviction and probationary sentence imposed on December 10, 2002, before former U.S. Magistrate Judge Joel B. Rosen, in <u>United States v. Abraham</u>, 01-mj-2109 (JBR).  The United States has moved to dismiss Petitioner's § 2255 motion, due to untimeliness and due alternatively to lack of custody status.  This matter is before the Court upon Petitioner's appeal from the Magistrate Judge's Proposed Findings of Fact and Recommendations and denial of reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A) [Docket Item 18].  THIS COURT FINDS AS FOLLOWS:

   1.  On January 11, 2008, Petitioner filed the instant petition to vacate his sentence under 28 U.S.C. § 2255, asserting, among other things, that his sentence should be vacated because of "Conflict of Interest involving the Camden U.S. Attorney's Office."  The case was assigned to the Honorable

Joel Schneider, U.S. Magistrate Judge, since former Judge Rosen had retired in the interim.

2. On July 2, 2008, the Magistrate Judge issued an opinion, which the Court will construe as Proposed Findings of Fact and Recommendations under 28 U.S.C. § 636(b)(1)(A), in which the Magistrate Judge recommended that the Court grant Respondent's motion to dismiss on two grounds [Docket 8]: (1) The Court lacks jurisdiction over Petitioner's § 2255 petition because Petitioner filed that petition when he was no longer "in custody"; and (2) Petitioner filed his petition well outside the one-year statute of limitations under § 2255 and equitable tolling is not warranted.

3. On July 16, 2008, Petitioner filed a motion for reconsideration of the Magistrate Judge's recommendation, which the Magistrate Judge denied on September 4, 2008 for failure to meet the requirements under Local Rule 7.1(i) [Docket Item 13].

4. On September 11, 2008, Petitioner filed an appeal of the Magistrate Judge's recommendation and denial of reconsideration to the United States Court of Appeals for the Third Circuit. The Court of Appeals subsequently dismissed Petitioner's appeal for lack of subject matter jurisdiction and ordered the Clerk of Court to treat Petitioner's appeal as an appeal to this Court pursuant to 28 U.S.C. § 636(b)(1)(A). The case was then assigned to the undersigned District Judge for further proceedings.

5. On March 12, 2009, this Court issued an order providing both parties with an opportunity to file objections to the Magistrate Judge's July 2, 2008 Proposed Findings of Fact and Recommendations. Petitioner filed his objections on March 25, 2009, in which he reiterated his argument that there was misconduct on the part of the United States Attorney's office during his criminal prosecution (attaching a partial transcript of his criminal proceedings in which Petitioner's criminal defense attorney noted for the record that Petitioner was concerned about a potential conflict of interest). Petitioner did not submit any new evidence suggesting that he was either in custody at the time he filed his § 2255 petition or that he timely submitted his § 2255 petition.[1]

---

[1] In addition to the partial transcript noted above, Petitioner submitted a letter from a Lisa Leavy, who summarizes the exchange between Petitioner's criminal defense attorney, the prosecutor, and the judge regarding Petitioner's concerns regarding conflict of interest, and notes that Petitioner's criminal defense attorney told Petitioner that there was nothing else the defense attorney could do for him. Ms. Leavy then states that Petitioner "went into a depressed stage with the passing of his mother" in 2005, during which he was "stressing about everything else that was happening." Six months later, according to Ms. Leavy, Petitioner decided to seek additional advice. The Court finds that this letter does not establish that Petitioner was in some way prevented from filing his § 2255 petition within one year of the judgment of his conviction became final. Regardless, Ms. Leavy's letter does not resolve the other fatal flaw in Petitioner's request for § 2255 relief -- that he was released from custody upon expiration of his two years of probation on December 9, 2004, more than three years before he filed his § 2255 petition on January 11, 2008.
   Petitioner also submits a letter, dated March 5, 2008, from the U.S. Department of Justice Office of the Inspector General

6.  The Court has reviewed the record on the § 2255 motion and the United States' dismissal motion de novo.  The Court will consequently adopt in full the Magistrate Judge's Proposed Findings of Fact and Recommendations and denial of reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A) and grant the government's motion to dismiss Petitioner's § 2255 petition because Petitioner filed that petition when he was no longer "in custody" and because the petition was untimely (and tolling is not warranted).  The Court agrees with Judge Schneider's proposed finding that Petitioner was not "in custody" as required for § 2255 jurisdiction at the time this motion was filed in 2008, since his probation status under the 2002 sentence expired in 2004; this Court adopts Judge Schneider's findings filed July 2, 2008 [Docket Item 8] at pp. 4-5.  Similarly, the Court adopts Judge Schneider's proposed finding that this petition was untimely under the one-year statute of limitations in 28 U.S.C. § 2255, because the one-year period began to run when his conviction became final on July 6, 2004, expiring July 6, 2005, while this petition was not filed until January 11, 2008; this Court adopts Judge Schneider's findings filed July 2, 2008 [Docket Item 8] at pp. 5-6.

---

informing Petitioner that his allegations that Department of Justice attorneys committed misconduct had been referred to the U.S. Department of Justice Office of Professional Responsibility. The letter does not undermine the Magistrate Judge's recommendations regarding custody status or timeliness.

4

7. The Court has examined whether the statutory limitation should be equitably tolled due to newly discovered facts or any other reason and finds none.  The circumstances of which Mr. Abraham now complains -- of prosecutorial conspiracy or conflict due to overall supervision of this prosecution by former Deputy U.S. Attorney Lee Solomon, who was then the former Camden County Prosecutor -- are not new facts, nor would such facts serve as a basis to question his conviction or sentence in any event; in addition, the Court adopts Judge Schneider's proposed findings regarding lack of equitable tolling, filed July 2, 2008 [Docket Item 8] at pp. 6-7.  Finally, this Court agrees with Judge Schneider's proposed findings that there is no valid basis for reconsideration, dated September 4, 2008 [Docket Item 13].  Moreover, the Court finds no reasonable basis for appeal and will decline to issue a certificate of appealability.

8. The accompanying Order shall be entered.


**November 5, 2009**        s/ Jerome B. Simandle
Date                       JEROME B. SIMANDLE
                           United States District Judge